IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICIA ANNE COTTON, etc., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.:   CV-06-BE-1486-E |
| ) | |
| BETA-COM, INC., etc., et al., ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO AMENDED COMPLAINT

COMES NOW the Defendant, **Crown Castle South LLC**, improperly designated above as "Crown Castle International Corporation," and for answer to the Plaintiff's Amended Complaint and to each and every count and paragraph thereof, separately and severally sets down and assigns the following defenses:

### Additional Parties

1A.   Upon information and belief, the Defendant admits the averments contained in paragraph 1A. of the Plaintiffs' Amended Complaint.

2A.   Upon information and belief, the Defendant admits the averments contained in paragraph 2A. of the Plaintiffs' Amended Complaint.

3A.   Crown Castle South, LLC is a limited liability corporation registered in the State of Delaware with its principal place of business located in Houston, Texas.  Crown Castle International Corporation is not a proper party to this action.

4A.   Upon information and belief, the Defendant admits the averments contained in paragraph 4A. of the Plaintiffs' Amended Complaint.

5A. Upon information and belief, the Defendant admits the averments contained in paragraph 5A. of the Plaintiffs' Amended Complaint.

6A. Upon information and belief, the Defendant admits the averments contained in paragraph 6A. of the Plaintiffs' Amended Complaint.

7A. The allegations contained in paragraph 7A. of the Plaintiffs' Amended Complaint do not require a response from this Defendant.

8A. The allegations contained in paragraph 8A. of the Plaintiffs' Amended Complaint do not require a response from this Defendant.

9A. The allegations contained in paragraph 9A. of the Plaintiffs' Amended Complaint do not require a response from this Defendant.

## Additional Allegations of Fact

10A. The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10A. of the Plaintiffs' Amended Complaint such that said allegations are denied, and the Defendant demands strict proof thereof.

11A. The Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11A. of the Plaintiffs' Amended Complaint such that said allegations are denied, and the Defendant demands strict proof thereof.

The Defendant denies the allegations contained in this unnumbered paragraph and demands strict proof thereof.

## COUNT TWO (A) - WRONGFUL DEATH - NEGLIGENCE/WANTONNESS

12A. To the best of this Defendant's knowledge, the allegations contained in the Plaintiffs' original Complaint do not involve or implicate this Defendant. To the extent the allegations contained in the Plaintiffs' original Complaint that are incorporated by reference into the Plaintiffs'

Amended Complaint involve or implicate this Defendant, said allegations are denied, and the Defendant demands strict proof thereof.

13A.   Upon information and belief, the Defendant admits the averments contained in paragraph 13A. of the Plaintiffs' Amended Complaint.

14A.   The Defendant avers that the allegations contained in paragraph 14A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

15A.   The Defendant avers that the allegations contained in paragraph 15A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

16A.   The Defendant avers that the allegations contained in paragraph 16A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

17A.   The Defendant avers that the allegations contained in paragraph 17A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

18A.   The Defendant avers that the allegations contained in paragraph 18A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

The Defendant avers that this prayer for relief does not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

**COUNT THREE (A) - WRONGFUL DEATH - PREMISES LIABILITY**

19A.   The Defendant adopts each and every foregoing averment and denial as if fully stated herein.

20A.    The Defendant retained a leasehold interest to the property at issue. The Defendant denies the remaining allegations contained in paragraph 20A. of the Plaintiffs' Amended Complaint and demands strict proof thereof.

21A.    The Defendant denies the allegations contained in paragraph 21A. of the Plaintiffs' Amended Complaint and demands strict proof thereof.

22A.    The Defendant denies the allegations contained in paragraph 22A. of the Plaintiffs' Amended Complaint and demands strict proof thereof.

23A.    The Defendant denies the allegations contained in paragraph 23A. of the Plaintiffs' Amended Complaint and demands strict proof thereof.

24A.    The Defendant denies the allegations contained in paragraph 24A. of the Plaintiffs' Amended Complaint and demands strict proof thereof.

25A.    The Defendant denies the allegations contained in paragraph 25A. of the Plaintiffs' Amended Complaint and demands strict proof thereof.

The Defendant denies that the Plaintiffs are entitled to the relief sought in this unnumbered paragraph and demands strict proof thereof.

### **COUNT FOUR (A) - WRONGFUL DEATH - RES IPSA LOQUITOR**

26A.    The Defendant adopts each and every foregoing averment and denial as if fully stated herein.

27A.    The Defendant avers that the allegations contained in paragraph 27A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

28A.    The Defendant avers that the allegations contained in paragraph 28A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

29A.   The Defendant avers that the allegations contained in paragraph 29A. of the Plaintiffs' Amended Complaint do not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

The Defendant avers that this prayer for relief does not involve or implicate this Defendant and, therefore, no response is required from this Defendant.

### FIRST DEFENSE

The Defendant pleads the general issue and says that it is not liable for the matters with which it is charged in the Complaint and demands strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The Defendant did not owe a duty to the Plaintiffs' decedent.

### FOURTH DEFENSE

The Defendant denies that it is was negligent and/or wanton as alleged in the Complaint and demands strict proof thereof.

### FIFTH DEFENSE

The Defendant avers that there is no causal connection or relationship between any alleged negligence and/or wantonness on the part of this Defendant and the alleged injuries or damages contained in the Complaint.

### SIXTH DEFENSE

The Defendant pleads assumption of the risk.

### SEVENTH DEFENSE

The Defendant contends that the Plaintiffs lack standing and/or are not the real parties in interest to assert the claims contained in the Plaintiffs' Complaint.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of spoliation and by Plaintiffs' failure to preserve evidence in this matter.

**NINTH DEFENSE**

The Defendant avers that the Plaintiffs' claims are barred by the intervening or superseding negligence of others over whom this Defendant had no control.

**TENTH DEFENSE**

The Defendant pleads estoppel.

**ELEVENTH DEFENSE**

The Defendant pleads contributory negligence.

**TWELFTH DEFENSE**

The Defendant pleads waiver.

**THIRTEENTH DEFENSE**

The Defendant denies that it, or anyone acting on its behalf, violated Alabama's wrongful death statute.

**FOURTEENTH DEFENSE**

The Defendant pleads insufficient process and/or insufficient service of process.

**FIFTEENTH DEFENSE**

The Defendant asserts that some or all of the Plaintiffs' claims are barred due to the principals of res judicata.

**SIXTEENTH DEFENSE**

The Defendant asserts that the Plaintiffs' Complaint is due to be dismissed for failure to join a necessary and indispensable party.

### SEVENTEENTH DEFENSE

The Defendant claims as a set off any monies received by or paid on behalf of Plaintiff or decedent for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

### EIGHTEENTH DEFENSE

The Defendant pleads laches.

### NINETEENTH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

### TWENTIETH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. Same also violates Defendant's right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### TWENTY-SECOND DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate the constitutional safeguards provided to the Defendant under the due process clause of the Fourteenth Amendment

of the United States Constitution in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTY-THIRD DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate Article I, § 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTY-FOURTH DEFENSE

Any award of punitive damages to Plaintiffs in this case would violate the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, the Defendant is entitled to the same procedural safeguards afforded to criminal defendants.

### TWENTY-FIFTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SIXTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SEVENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose against the Defendant punitive damages, which are penal in nature, by

requiring a burden of proof by Plaintiffs, which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-EIGHTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment of the United States Constitution in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY-NINTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### THIRTIETH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights to order, liberty, and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based upon the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective, and specific standard for

appellate review for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

### THIRTY-SECOND DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

### THIRTY-THIRD DEFENSE

The Alabama Wrongful Death Statute, and the procedures pursuant to which punitive damages are awarded thereunder, amount to a denial of equal protection of the law under the Fourteenth Amendment of the United States Constitution, in that they allow an award of punitive damages for simple negligence.

### THIRTY-FOURTH DEFENSE

The Defendant is denied due process and equal protection of the law because limitations and safeguards applicable to damages awards in other tort cases are not applicable in this wrongful death action against the Defendant.

## THIRTY-FIFTH DEFENSE

The Defendant reserves the right to amend its Answer to include any other matter that might constitute an avoidance or affirmative defense.

                                              s/ Lea Richmond, IV
                                              Thomas L. Oliver, II (3153-R53T)
                                              Lea Richmond, IV (8479-L74R)
                                              Attorneys for Crown Castle South LLC

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:     (205) 822-2057

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Bill Thomason, Esq.
**THOMASON, MAPLES & ALLSUP, LLC**
1710 - 2nd Avenue North
Bessemer, Alabama 35020
(Attorney for Plaintiffs)

James A. Shands, Esq.
205 - 20th Street North, Suite 500
Birmingham, Alabama 35203
(Attorney for Plaintiff)

Charles P. Gaines, Esq.
L. Shaw Gaines, Esq.
**GAINES, GAINES & RASCO, PC**
P.O. Box 275
Talladega, Alabama 35161
(Attorneys for Plaintiffs)

Thomas S. Thornton, III, Esq.
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
(Attorney for Betacom Incorporated and
        Randall H. Bowe)

Patrick R. Norris, Esq.
**McDANIEL, BAINS & NORRIS, P.C.**
Two Metroplex Drive, Suite 504
Birmingham, Alabama 35209-6812
(Attorney for Cingular Wireless, LLC)

Don G. DeCoudres, Esq.
P.O. Box 36988
Birmingham, Alabama 35236
(Attorney for Westower Communications)

J. Mitchell Frost, Esq.
Jay E. Tidwell, Esq.
**FERGUSON, FROST & DODSON, LLP**
P.O. Box 430189
Birmingham, Alabama 35243-0189
(Attorneys for ALT, Inc., Josh Cook,
        Matt Deadman and Adam Waterman)

_____
OF COUNSEL