FILED

2006 Nov-21  PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN COTTON, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: CV-06-BE-1486-E |
| | ) | |
| CINGULAR WIRELESS, LLC; et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT CINGULAR WIRELESS, LLC**

COMES NOW the defendant, Cingular Wireless, LLC, in the above-styled cause, and for

answer to plaintiffs' Complaint, and to each and every allegation and material averment contained

therein, separately and severally, says as follows:

**FIRST DEFENSE**
**(SPECIFIC ADMISSIONS AND DENIALS)**

No response is required of this defendant to the first unnumbered paragraph.

This defendant upon information and belief admits the material averments of paragraph one.

This defendant upon information and belief admits the material averments of paragraph two.

This defendant upon information and belief admits the material averments of paragraph

three.

This defendant is without sufficient information to either admit or deny the material

averments of paragraph four.

This defendant is without sufficient information to either admit or deny the material

averments of paragraph five.

This defendant admits the material averments of paragraph six.

No response is required of this defendant to paragraph seven which concerns fictitious

defendants.

No response is required of this defendant to paragraph eight which concerns fictitious defendants.

No response is required of this defendant to paragraph nine which concerns fictitious defendants.

No response is required of this defendant to paragraph ten which concerns fictitious defendants.

Paragraph eleven requires no response from this defendant. Otherwise, this defendant adopts its previous admissions and denials in response to the preceding paragraphs.

This defendant is without sufficient information to either admit or deny the material allegations of paragraph twelve.

This defendant admits that the plaintiff was killed when he was struck by an object but this defendant denies all remaining material averments of paragraph thirteen.

This defendant is without sufficient information to either admit or deny the material averments of paragraph fourteen.

This defendant is without sufficient information to either admit or deny the material averments of paragraph fifteen.

This defendant is without sufficient information to either admit or deny the material averments of paragraph sixteen.

This defendant is without sufficient information to either admit or deny the material averments of paragraph seventeen.

Paragraph eighteen requires no response from this defendant. Otherwise, this defendant adopts its previous admissions and denials in response to the preceding paragraphs.

This defendant denies the material averments of paragraph nineteen.

This defendant denies the material averments of paragraph twenty.

No response is required of this defendant to paragraph twenty-one inasmuch as this paragraph concerns fictitious defendants.

Paragraph twenty-two requires no response from this defendant. Otherwise, this defendant adopts its previous admissions and denials in response to the preceding paragraphs.

This defendant denies the material averments of paragraph twenty-three.

This defendant denies the material averments of paragraph twenty-four.

This defendant denies the material averments of paragraph twenty-five.

Paragraph twenty-six requires no response from this defendant. Otherwise, this defendant adopts its previous admissions and denials in response to the preceding paragraphs.

This defendant is without sufficient information to either admit or deny the material averments of paragraph twenty-seven.

This defendant is without sufficient information to admit or deny the material averments of paragraph twenty-eight but generally denies that the plaintiff was injured and damaged to the extend claimed.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

This defendant pleads the general issue.

## FOURTH DEFENSE

This defendant says that the plaintiffs' decedent was guilty of negligence at one or more material times and that such negligence proximately caused or contributed to cause the damages

claimed and that any recovery is therefore barred by the plaintiffs' decedent's contributory negligence.

## FIFTH DEFENSE

This defendant says there existed an efficient intervening cause which was the proximate cause of the plaintiffs' alleged injuries and damages and/or the events giving rise to this case.

## SIXTH DEFENSE

This defendant denies that it breached any duty allegedly owed to the plaintiff's decedent.

## SEVENTH DEFENSE

This defendant says that it is not guilty of any act or omission which proximately caused or contributed to cause plaintiffs' injuries and damages, as alleged, and demands strict proof thereof.

## EIGHTH DEFENSE

This defendant denies that the plaintiffs were injured and damaged as claimed and demands strict proof thereof.

## NINTH DEFENSE

This defendant denies agency and specifically asserts the independent contractor defense.

## TENTH DEFENSE

This defendant denies acting in a wanton, reckless or intentional manner, or any knowledge or ratification of any such conduct on the date complained of or thereafter, so as to justify any award of punitive damages to the plaintiffs and this defendant demands strict proof thereof.

## ELEVENTH DEFENSE

This defendant asserts that the danger complained of was open and obvious.

## TWELFTH DEFENSE

This defendant says that the imposition of punitive damages under Alabama law is arbitrary

and capricious inasmuch as there are no standards for fair and objective calculation of such damages

and as the same are penal in nature plaintiff must show entitlement to the same by evidence beyond

a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the

Due Process and Equal Protection clauses of both the Constitution of the United States of America

and of the State of Alabama and that imposition of punitive damages under Alabama law, even with

*Green Oil* and *Hammond's* guidelines is arbitrary and capricious leading to "grossly excessive"

punitive damage awards inasmuch as the jury is provided neither guidelines in reaching some

rational ratio between compensatory and punitive damages nor some rational relation between the

defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and

deter its repetition . *BMW of North America  v. Gore,* ____ U.S. _____, 1996 WL 262429.

### THIRTEENTH DEFENSE

Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a

person receive fair notice of not only the conduct that will subject him to punishment but also the

severity of the penalty that a State may impose.  This State provides no such notice to defendants

leading to "grossly excessive" punitive damage awards that violate the United States Constitution

and its amendments. *BMW of North America  v. Gore,* ____ U.S. _____, 1996 WL 262429.

### FOURTEENTH DEFENSE

This defendant asserts that the plaintiffs are not entitled to a trial by jury on the issue of

punitive damages. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,*_____ U.S. _____, No.

99-2035(May 14, 2001) (holding that the amount of punitive damages "is not really a fact 'tried' by

the jury," and the right to jury trial is therefore not implicated).

### FIFTEENTH DEFENSE

This defendant states that venue is improper or inconvenient.

## SIXTEENTH DEFENSE

This defendant asserts the defense of assumption of the risk.

## SEVENTEENTH DEFENSE

This defendant states that one or more of the plaintiffs lack standing to pursue the claims

brought in the complaint.

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY AS TO ALL JURY ISSUES

> s/Patrick R. Norris
> Patrick R. Norris (ASB-3835-S81P)
> Attorney for Defendant,
> Cingular Wireless, LLC

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 21st day of November, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding by placing copy of same in the United States mail, postage prepaid to:

Bill Thomason
Clay J. Thomason
THOMASON - MAPLES, LLC
P.O. Box 627
Bessemer, Alabama 35021

Thomas S. Thornton, III
Lea Richmond, IV
CARR, ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216

Jay E. Tidwell
FERGUSON, FROST & DODSON, L.L.P.
2500 Acton Road, Ste. 200
Birmingham, Alabama 35243-0189

Don G. DeCoudres
P.O. Box 36988
Birmingham, Alabama 35236


s/Patrick R. Norris
Of Counsel